204

LAWRENCE *v.* LAWRENCE.

JENKINS, Justice. 1. Although since the uniform procedure act of 1887 (Ga. L. 1887, p. 64; Code, § 37-901) "a creditor may in one suit proceed for judgment on his debt and to set aside a fraudulent conveyance made by his debtor," still, under the Code, § 55-106, "creditors who have not reduced their demands to judgment, and who have no lien otherwise, can not, as a general rule, . . enjoin their debtors from selling or disposing of their property." *Keeter* v. *Bank of Ellijay*, 190 *Ga.* 525, 526, 528 (9 S. E. 2d, 761), and cit. In order for such an unsecured creditor to be entitled to equitable relief, special circumstances must exist, such as "where an insolvent debtor is fraudulently transferring his property to one in complicity with him, who is disposing of the property, or where property is obtained by fraudulent representations." *Hermann* v. *Mobley*, 172 *Ga.* 380 (158 S. E. 38), and cit.; *Goodroe* v. *Thomas Warehouse*, 185 *Ga.* 399 (3) (195 S. E. 199) ; *Albany &c. Steel Co.* v. *Southern Agricultural Works*, 76 *Ga.* 135 (3), 169 (2 Am. St. R. 26), and cit.; *National Casket Co.* v. *Clark*, 181 *Ga.* 6, 9 (181 S. E. 146), and cit.

2. Since the uniform procedure act, by merely permitting parties to obtain all necessary and proper legal and equitable relief in the same case (Code, § 37-901), did not create any new ground for extraordinary remedies, the settled general rule still obtains that the remedy of injunction does not lie in favor of one who has a complete and adequate remedy at law, such as an ordinary attachment or fraudulent-debtor attachment under appropriate grounds of the Code, §§ 8-101, 8-401, 8-402, with or without garnishment under §§ 8-501 et seq. *Booth* v. *Mohr*, 122 *Ga.* 333, 336 (50 S. E. 173), and cit.; *Carstarphen Warehouse Co.* v. *Fried*, 124 *Ga.* 544, 546 (52 S. E. 598) ; *Comer* v. *Coates*, 69 *Ga.* 491 (3) ; *Stephens* v. *Whitehead*, 75 *Ga.* 294; *Haslett* v. *Rogers*, 107 *Ga.* 239, 243 (33 S. E. 44) ; *Grimmett* v. *Barnwell*, 184 *Ga.* 461, 469-472 (192 S. E. 191, 116 A. L. R. 257), and cit.; *Burns* v. *Hale*, 162 *Ga.* 336 (2) (133 S. E. 857) ; Code, §§ 55-101, 37-120, 55-108. See also, as to the nature and extent of such remedies in cases involving non-residents, *Harmon* v. *Wiggins*, 48 *Ga. App.* 469 (6, 7), 472 (172 S. E. 847), and cit.

3. An alimony decree of a sister State, providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the constitution of the United States, as to such payments as have become due and are unpaid at the time of a judgment thereon in this State. *Roberts* v. *Roberts*, 174 *Ga.* 645 (163 S. E. 735) ; *Cureton* v. *Cureton*, 132 *Ga.* 745, 751 (65 S. E. 65) ; *Heakes* v. *Heakes*, 157 *Ga.* 863, 867 (122 S. E. 777) ; *McLendon* v. *McLendon*, 66 *Ga. App.* 156, 159 (17 S. E. 2d, 252). But the fact that such a decree of another State was for alimony will not make the Georgia suit on such decree an alimony case, since it "is simply an action on a debt of record." *McLendon* v. *McLendon*, 192 *Ga.* 70 (14 S. E. 2d, 477), and cit. Accordingly, such a suit in a Georgia court does not come within the statutes and more liberal rules as to extraordinary relief in favor of a wife, who has already filed or is about to file in this State a suit for divorce and alimony or alimony alone, and who needs such additional

equitable protection against threatened conveyances by the husband until the termination of the question of alimony. As to statutes and cases relating to the last-mentioned class of suits, see Code, §§ 30-112, 30-111, 30-115, 30-206, 30-209, 30-210, 30-213; *Wallace* v. *Wallace,* 189 *Ga.* 220, 222 (5 S. E. 2d, 580); *Stephens* v. *Stephens,* 168 *Ga.* 630 (148 S. E. 522); *Boone* v. *Taylor,* 185 *Ga.* 433, 434 (195 S. E. 761), and cit.; *Wood* v. *Wood,* 166 *Ga.* 519 (3) (143 S. E. 770), and cit.; *Parker* v. *Parker,* 148 *Ga.* 196 (4-*a*) (96 S. E. 211); *Melvin* v. *Melvin,* 129 *Ga.* 42 (2) (58 S. E. 474); *Attaway* v. *Attaway,* 193 *Ga.* 51, 52 (17 S. E. 2d, 72).

4. Under the foregoing rules, this petition by a non-resident former wife, brought in Georgia, to recover a judgment for past-due monthly instalments under a Florida decree for divorce and alimony, and to enjoin the former husband from transferring or incumbering Georgia assets, was controlled by the general rules applicable to suits by creditors without a lien; and under the undisputed evidence, although the suit, if sustained by proof at the trial, would be maintainable on the prayer for a judgment at law, the court properly refused an interlocutory injunction, since the averments and evidence failed to show that the plaintiff did not have a full and complete remedy at law, as she apparently had by attachment, with or without garnishment, according to the facts, and since the burden was on her to show any exceptional facts making such a remedy at law inadequate. Nothing to the contrary was held in *Roberts* v. *Roberts,* 174 *Ga.* 645 (supra), where no question was decided or raised as to the adequacy of a remedy at law, or as to the right of the former wife to an injunction against her former husband.

*Judgment affirmed. All the Justices concur.*

No. 14506. MAY 6, 1943. REHEARING DENIED JUNE 12, 1943.

206

*Connerat, Hunter & Cubbedge,* for plaintiff.
*Shelby Myrick,* for defendant.