34183. HENDERSON *v.* HENDERSON.

DECIDED SEPTEMBER 26, 1952.

*Leward Hightower,* for plaintiff in error.

*Russell O. Clay, Barrett & Hayes,* contra.

FELTON, J. ■ This case was transferred to this court by the Supreme Court. In transferring the case the Supreme Court rendered the following opinion: "1. 'An alimony decree of a sister State providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the Constitution of the United States, as to such payments as have become due and are unpaid at the time of a judgment thereon in this State. *Roberts* v. *Roberts,* 174 *Ga.* 645 (163 S. E. 735); *Cureton* v. *Cureton,* 132 *Ga.* 745, 751 (65 S. E. 65); *Heakes* v. *Heakes,* 157 *Ga.* 863, 867 (122 S. E. 777); *McLendon* v. *McLendon,* 66 *Ga. App.* 156, 159 (17 S. E. 2d, 252). But the fact that such a decree of another State was for alimony will not make the Georgia suit on such decree an alimony case, since it is "simply an action on a debt of record." *McLendon* v. *McLendon,* 192 *Ga.* 70 (14 S. E. 2d, 477), and cit.' *Lawrence* v. *Lawrence,* 196 *Ga.* 204 (3) (26 S. E. 2d, 283); *Belcher* v. *Belcher,* 204 *Ga.* 436 (49 S. E. 2d, 904). 2. Under the foregoing rules, a citation for contempt based upon an alleged failure to comply with a judgment rendered by a court of another State is not an alimony case within the provisions of the Constitution, Article 6, Section 2, Paragraph 4 (Code, Ann., § 2-3704), and jurisdiction of the writ of error is vested in the Court of Appeals." *Henderson* v. *Henderson,* 209 *Ga.* 148 (71 S. E. 2d, 210). As foreign alimony decrees occupy the same status as ordinary foreign money judgments so far as our courts are concerned, such decrees must be reduced to judgment in this State before they can be enforced in this State. *M'Elmoyle* v. *Cohen,* 38 U. S. 312 (3). And when they are reduced to judgment in this State, they can only be enforced by execution as

other money judgments. The trial court apparently issued the attachment by virtue of Code § 30-204 which states that "The order allowing alimony . . may be enforced . . by attachment for contempt against the person of the husband"; therefore, the attachment was not one for criminal contempt. *Beavers* v. *Beavers*, 148 *Ga.* 506 (2) (97 S. E. 65); *Reese* v. *Reese*, 189 *Ga.* 314, 315 (5 S. E. 2d, 777). An attachment for contempt for failure to pay an amount awarded as alimony is in the nature of a civil proceeding and is remedial, its purpose being merely to compel obedience to the order of the court requiring the payment of the amount allowed as alimony. *Beavers* v. *Beavers*, supra; *Reese* v. *Reese*, supra. The "order of court" contemplated by Code § 30-204 and the cases above cited is an order of a court of this State and not an order of a court of a foreign State. The trial court in the instant case issued no order for alimony with which the defendant failed to comply. Even had the court issued such an alimony order by virtue of the Florida decree, it would not have been a valid order, the court's power being merely to issue an ordinary money judgment based on the Florida decree. Nor could the court have awarded alimony as in the first instance as the proceedings were not proceedings under Code § 30-202 for temporary alimony pending an action for divorce, or Code § 30-213 for alimony where no action for divorce is pending, these being the only two instances where a court can award alimony.

■ The motion to dismiss the writ of error is denied. The defendant in error's contention in support of such motion that the judgment complained of is not such a final judgment as may be reviewed by a direct bill of exceptions and that the writ is premature, is clearly without merit and requires no citation of authority. To hold as contended for would require the defendant to serve his time in jail without a remedy to review the correctness of the attachment for contempt.

The court erred in attaching the defendant for contempt.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*