### 25288. KNOX v. KNOX.

UNDERCOFLER, Justice. Robert F. Knox filed a petition in the Superior Court of Muscogee County, Georgia, against Dorothea E. Knox seeking a reduction of alimony and child support payments. The jury returned a verdict for the defendant and the plaintiff appeals to this court. *Held:*

1. The judgment was not contrary to the evidence. A substantial decrease in the husband's income or financial status since the date of the decree may warrant a decrease of alimony but does not demand it. *Code Ann.* § 30-221 (Ga. L. 1955, pp. 630, 631). It follows that there is no merit in this enumeration of error.

2. The trial judge recharged the jury at its request that a permanent alimony judgment was subject to revision and upon application therefor, "the merits of whether the wife is entitled to alimony for her support or the support of the children are not in issue but only whether there has been a

substantial change since the date of the decree in the income or financial status of the husband as to warrant a downward revision and modification of the permanent alimony judgment."

The appellant objected to the recharge and stated his grounds therefor as provided by *Code Ann.* § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). The appellant contends that under the recharge the jury was limited to considering the plaintiff's income as of the date of the decree rather than for a reasonable period prior thereto. This contention is without merit.

The record in this case shows that the appellant was allowed to introduce in evidence his financial status from 1960 to 1966 (date of divorce decree) and from 1966 through 1968. As stated in *Gallant v. Gallant,* 223 Ga. 397, 399 (1) (156 SE2d 61) the evidence of the financial status of the father prior to the divorce decree was relevant and admissible since "a comparison must be made between his financial status as of the time of the original decree and the time of the trial determining whether such a revision is warranted. . . Since the issue for determination here was whether there had been a substantial change in the financial status of the husband, it is difficult to see how any evidence could be more relevant or material than that which shows his financial status at the time of the original divorce decree."

In his recharge to the jury the trial judge properly charged that the only issue was whether there has been a substantial change since the date of the decree in the income or financial status of the husband. *Welch v. Welch,* 213 Ga. 589 (2) (100 SE2d 431); *McWilliams v. McWilliams,* 216 Ga. 270 (116 SE2d 215). The charge did not limit the jury to considering the husband's income as of the exact date of the decree but merely charged that was the decisive date from which it was to determine whether there had been a substantial change in his income or financial status. There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

Submitted July 14, 1969—Decided September 8, 1969.

*Foley, Chappell, Hollis & Schloth, Howell Hollis,* for appellant.

*Ray, Owens, Keil & Hirsch, J. Walter Owens,* for appellee.