45492. MARTIN v. MARTIN.

QUILLIAN, Judge. On October 7, 1969, Anna L. Martin filed suit against E. R. Martin in the Cherokee Superior Court. The plaintiff in her complaint sought recovery for the sum of $2,000 as alimony which was part of an Ohio divorce decree. The Ohio decree dated April 1, 1969, was attached to the petition. On December 16, 1969, the defendant filed a plea setting out that he had filed a voluntary petition in bankruptcy in the U. S. District Court; that the indebtedness due in the instant case was duly scheduled. The plea requested a stay of the order pending determination of the issues in bankruptcy. The trial judge granted the stay, reciting that the defendant was restrained from further action pending discharge of the court. On February 9, 1970, defendant filed a plea which set out that he had been duly adjudged bankrupt on January 30, 1970.

Subsequently, on May 4, 1970, the trial judge entered an order which recited "no answer having been filed by the defendant

within the time allowed by law for same, and after hearing evidence, judgment is awarded the plaintiff in the amount of $2,000 and attorney's fees." On this same date, the defendant filed what he titled "response to order for final judgment and fi. fa." However, insofar as the record shows no ruling was made on such response. Appeal was taken from the order awarding judgment to the plaintiff. *Held:*

1. Where a claim belongs to one of the classes which the Bankruptcy Act excepts from the operation of a discharge, the fact that the holder did not object to the discharge does not preclude enforcement of such claim against the bankrupt after the discharge. 8B CJS 30, 35, Bankruptcy, § 562; 9 AmJur2d 556, Bankruptcy, § 744. See also *Kendrix v. Superior Egg Co.,* 99 Ga. App. 575, 577 (109 SE2d 59); *Aiken v. Bank of Ga.,* 101 Ga. App. 200, 204 (113 SE2d 405). Section 17 (a) of the Bankruptcy Act (11 USC 35) provides, inter alia, that liability for alimony falls within the exceptions to the release of a bankruptcy claim after discharge.

2. (a) We are aware, as contended by the appellant, that the Supreme Court in considering its jurisdiction has held that a suit on a foreign judgment for alimony is not an action to recover alimony but simply an action on a debt of record. *McLendon v. McLendon,* 192 Ga. 70 (14 SE2d 477); *Lawrence v. Lawrence,* 196 Ga. 204 (3) (26 SE2d 283); *Belcher v. Belcher,* 204 Ga. 436 (49 SE2d 904). However, the cases dealing with the jurisdiction of the court are not controlling insofar as a construction of the Bankruptcy Act is concerned. See *Hayes v. Hayes,* 191 Ga. 237, 241 (11 SE2d 764).

(b) In *Green v. Beaumont,* 179 Ga. 804, 806 (177 SE 572), the Supreme Court considered the bankruptcy statute where the liability was not established by a decree granting alimony but rested on a voluntary contract by which the husband agreed to pay certain stipulated sums as alimony for the support and maintenance of his wife. The court recognized the principle that liability for alimony cannot be affected by a bankruptcy is equally applicable where the liability rested upon contract as if it rested upon a decree and stated that the fact a judgment was rendered to enforce the voluntary contract was immaterial. In

the course of its decision the court then made the following ruling: "The obligation of a husband to provide support and maintenance for his wife is a duty imposed by law, and for that reason can not be classified with other obligations which do not involve similar duties. Wetmore v. Markoe, 196 U. S. 68. It is partly for this reason that the courts hold, in determining whether alimony is in fact involved, that they can go behind judgments and ascertain from the record whether or not alimony was the foundation of the proceeding in which the judgment was obtained. No merger ensues in consequence of obtaining judgment upon a contract providing for alimony. The character of the word 'liability,' as used in the bankruptcy law, is not changed by the fact that the liability has been reduced to judgment."

The principles stated in the *Green* case, supra, have been applied by the majority of courts in other jurisdictions. See 9 AmJur2d 596, Bankruptcy, § 793; 8B CJS 48, Bankruptcy, § 570. In a well reasoned decision, a New York court has held that the recovery of a judgment on a foreign decree for alimony does not have the effect of a merger so that the debt represented by the second judgment will not be excepted from discharge as a debt due for alimony, pointing out that it would be absurd to regard the debt of the second judgment as dischargeable if the same debt represented by the foreign judgment was excepted from discharge. In re Williams, 208 N. Y. 32 (101 NE 853).

We need not adopt the broad rationale of the Williams case since in the case sub judice the action seeking recovery based on the Ohio decree was still pending at the time of the defendant's discharge in bankruptcy and had not been reduced to judgment. In such circumstances, it is clear that the claim here involved was a liability for alimony within the meaning of Section 17 of the Bankruptcy Act and hence was not released by the defendant's discharge.

3. Ordinarily, the bankruptcy court will not exercise its jurisdiction to determine whether a debt owed to a creditor is or is not dischargeable since a state court in a subsequent proceeding has jurisdiction to make such determination. The appellant contends that there was a continuing restraining order issued

by the U. S. District Court which would prevent the Cherokee Superior Court from rendering a judgment. The burden was on the appellant to demonstrate error. There was no showing made which would indicate that the bankruptcy court had passed upon the dischargeability of the instant claim or as to whether a restraining order was in effect. In the absence of such showing, we will presume that the trial judge acted properly in rendering the judgment.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*

Submitted September 8, 1970—Decided February 9, 1971.

*L. S. Cobb, Ralph D. Vaughn,* for appellant.

*Edwards, Bentley, Awtrey & Parker, Donald A. Mangerie,* for appellee.