### 27539. POTTS v. POTTS.

NICHOLS, Justice. This is an appeal from a judgment adjudging the appellant in contempt of court for failing to

make alimony payments to the appellee. This judgment, as well as a refusal to reduce the monthly alimony based upon a change in the appellant's financial status, is enumerated as error. The evidence disclosed that the couple was divorced in May 1967. In 1966, according to copies of tax returns submitted in evidence, the appellant's net taxable income before personal exemptions and excluding that of his wife was $1,704.35. In 1965 the appellant's net taxable income was $5,359.35 and in 1964 it was $3,697.61. There was evidence that the appellant's gross income in 1970 and 1971 was approximately $4,374. In 1971 the defendant's business expenses were $2,850, leaving a net taxable income of $1,524. The original award of alimony was based upon an agreement between the parties. *Held:*

1. "The judgment was not contrary to the evidence. A substantial decrease in the husband's income or financial status since the date of the decree may warrant a decrease of alimony but does not demand it. *Code Ann.* § 30-221 (Ga. L. 1955, pp. 630, 631). It follows that there is no merit in this enumeration of error." *Knox v. Knox,* 225 Ga. 481 (1) (169 SE2d 805). The reduction in the appellant's net income of $175 per year did not require a judgment reducing the amount of alimony payable to the wife.

2. The evidence authorized the judgment holding the appellant in contempt of court for the wilful failure to make the alimony payments required by the divorce decree.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1972—DECIDED DECEMBER 4, 1972.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellant.

*John N. Peeples,* for appellee.