### 29355. WHITE v. WHITE.

NICHOLS, Presiding Justice.

This is the second appeal to reach this court involving attempts to modify a prior divorce decree between the parties. On the first appearance, *White v. White,* 231 Ga. 52 (199 SE2d 897), the judgment of the trial court changing visitation privileges and awarding attorney fees to the attorney for the former wife was appealed. The judgment changing visitation privileges was affirmed but the award of attorney fees was reversed. Other questions were passed on by the trial court but not

raised on appeal. Thereafter, the present complaint was filed by the former husband in which he sought a modification of the decree so as to eliminate any future payments of alimony and to reduce child support payments to figure more in keeping with his present income and financial condition.

The former wife filed written defenses as well as a counterclaim. The first defense alleged that Georgia law does not permit a Georgia court to modify alimony decree of a foreign court. The third defense alleged that the issues raised by this action had previously been decided by the superior court in the prior action between the parties adverse to the former husband's contentions and are res judicata. By way of counterclaim the former wife sought to have the husband held in contempt of court for failure to make the alimony payments required by the divorce decree.

1. The prior judgment between the parties (*White v. White*, 231 Ga. 52, supra), required the former husband to continue to pay alimony and child support as required by the New Jersey court order. The former wife's counterclaim in the present litigation seeks to have the former husband held in contempt of court, not for a failure to comply with the New Jersey order but for his failure to comply with the former DeKalb Superior Court judgment between the parties.

While properly a motion seeking to have a former husband held in contempt of court for failure to pay alimony in accordance with a court decree is filed in the same case and not as a separate complaint, nor as a counterclaim to a petition filed by the former husband seeking to have such alimony decree modified, yet, where as in the present case, the alimony decree sought to be enforced was rendered by the same court wherein the husband's petition to modify was filed, and there being no question of venue involved there is no harmful error to the former husband resulting from the court considering the counterclaim as a rule for contempt and not requiring a separate motion to be filed by the wife.

2. The fact that the prior DeKalb County Superior Court judgment continued in effect the payments previously adjudicated by the New Jersey court and did

not modify the same would not preclude the former husband from being held in contempt of court for failure to comply with the DeKalb County judgment.

3. In *Knox v. Knox,* 225 Ga. 481 (1) (169 SE2d 805), it was held: "A substantial decrease in the husband's income or financial status since the date of the decree may warrant a decrease of alimony but does not demand it. Code Ann. § 30-221 (Ga. L. 1955, pp. 630, 631)." See also *Potts v. Potts,* 229 Ga. 827 (194 SE2d 471).

The trial court reduced the payments required of the former husband from $850 per month to $600 per month and the failure to further reduce such payments was not reversible error.

4. Any question as to the refusal of the trial court to rule upon the petition for modification until the former husband had purged himself of the contempt of court judgment is now moot.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 1, 1974 — DECIDED NOVEMBER 26, 1974.

*M. W. Hendon,* for appellant.
*Rees Smith,* for appellee.