## 29377. PARKER v. PARKER.

INGRAM, Justice.

This is an appeal from a final judgment of the Superior Court of Muscogee County which determined the court could not domesticate a final divorce decree of Tex-

as in order to enforce the child support payments by contempt proceedings in Muscogee Superior Court although both parties to the Texas decree were now residents of Muscogee County and subject to the jurisdiction of the court. We reverse the trial court's judgment.

Appellant argues that Georgia should permit a divorce and alimony (including child support) decree of a sister state to be enforced by the same equitable remedies, including contempt proceedings, that are applicable to the enforcement of a Georgia decree. In support of this point of view, appellant's supplemental brief states that: "The following states have decreed that a final alimony judgment or a divorce decree of a sister state providing for alimony or child support is enforceable in equitable proceedings, including the use of the contempt power and, as additionally stated, that for future instalments said judgment is enforceable in the same manner as a local judgment: California in Palen v. Palen, 12 Cal. App. 2d 357, 55 P2d 228 (1936); Florida in Sackler v. Sackler, 47 So2d 292 (1950); Illinois in Rule v. Rule, 313 Ill. App. 108, 39 NE2d 379 (1942); Oregon in Cousineau v. Cousineau, 155 Ore. 184, 163 P2d 897 (1936); Tennessee in Thones v. Thones, 185 Tenn. 124, 203 SW2d 597 (1947); Virginia in McKeel v. McKeel, 185 Va. 108, 37 SE2d 746 (1946); Washington in Shibley v. Shibley, 181 Wash. 166, 42 P2d 446 (1935); Mississippi in Fanchier v. Gammill, 148 Miss. 723, 114 So. 813 (1927); Texas in Guercia v. Guercia, 239 SW2d 169 (1951); Maryland in McCabe v. McCabe, 210 Md. 308, 123 A2d 447 (1956); South Dakota in Bahr v. Bahr, 85 S. Dak. 240, 180 NW2d 465 (1970); and, South Carolina in Johnson v. Johnson, 194 S. C. 115, 8 SE2d 351 (1940), which was reaffirmed in Bennett v. Bennett, 260 S. C. 605, 198 SE2d 114 (1973)."

The appellee argues that he is not presently in arrears, under the Texas decree, on his child support payments and that since he has otherwise complied with the decree there is no reason for this litigation in Georgia. There is case authority in Georgia that in an action on a foreign divorce and alimony decree for alimony and child support the Georgia court is empowered only "to issue an ordinary money judgment based on the [foreign] decree"

for monies due. E.g., see *Henderson v. Henderson,* 86 Ga. App. 812, 814 (72 SE2d 731); *McLendon v. McLendon,* 192 Ga. 70 (14 SE2d 477) and *Martin v. Martin,* 123 Ga. App. 278 (2, a) (180 SE2d 562). In addition, as noted by appellant's counsel, this court held in *Lawrence v. Lawrence,* 196 Ga. 204 (3) (26 SE2d 283) that "such a suit in a Georgia court does not come within the statutes and more liberal rules as to extraordinary relief." The language in these, and similar cases, militates against the domestication of this Texas divorce decree so that "the ordinary equitable powers of contempt . . . can be made available to [appellant] for the sake of her minor son to enforce the valid final decree of the State of Texas, awarding to [appellant] $175 per month for the support of her minor child from the father. . ."

We decline to follow these earlier cases as we find no present statutory basis for making a distinction between the enforcement of a final divorce and alimony decree originally rendered in Georgia and a similar decree rendered in another state which has been domesticated in Georgia when the enforcement sought in Georgia is authorized under our law and under the laws of the state where the judgment was granted. Once the foreign decree is made the judgment of the Georgia court of the defendant's residence, it "shall have the same full faith and credit" in this state as it has by law or usage in the courts of the state where it was rendered. See Code Ann. § 38-630 (Ga. L. 1973, pp. 299-303).

Since the present decree can be enforced by contempt in Texas where it was granted, there is no logical reason why a complaint cannot be brought on this Texas decree for domestication in the county of defendant's residence in Georgia, and, if proven, subsequently enforced by contempt in the Georgia court for wilful violation. The Texas courts would enforce this decree by contempt if it had been granted in Georgia. See Guercia v. Guercia, 239 SW2d 169. The statutory public policy of Georgia supports our domesticating and subsequently enforcing the present Texas decree by contempt as an act of comity. By doing so we would permit the former wife to collect any alimony and child support as effectively in the Georgia jurisdiction of the former husband's residence as in the

state where the decree was originally granted without imposing on the former husband any obligations except those to which he is already subject.

Our decision here follows the recent case of *White v. White,* 233 Ga. 289, wherein the court unanimously adopted an opinion written by Chief Justice Nichols holding that:

"1. The prior judgment between the parties *(White v. White,* 231 Ga. 52 [199 SE2d 897]), required the former husband to continue to pay alimony and child support as required by the New Jersey court order. The former wife's counterclaim in the present litigation seeks to have the former husband held in contempt of court, not for a failure to comply with the New Jersey order but for his failure to comply with the former DeKalb Superior Court judgment between the parties. . .

"2. The fact that the prior DeKalb County Superior Court judgment continued in effect the payments previously adjudicated by the New Jersey court and did not modify the same would not preclude the former husband from being held in contempt of court for failure to comply with the DeKalb County judgment."

Therefore, the trial court's judgment will be reversed although the trial judge correctly followed several earlier decisions of our appellate courts, which were not relied on in *White,* and that case was undecided at the time of the trial court's judgment. There is a conflict of case authority on this issue across the country, and other cases may be found by reference to Harrison v. Harrison, 214 F2d 571, 4th Cir., decided July 19, 1954, and to the Note in ALR2d, Later Case Service, p. 459, supplementing 18 ALR2d 862-877. See, also, Clark, Law of Domestic Relations (1968), Ch. 14, § 14.11, p. 478. We hold the complaint in this case stated a claim under Georgia law for domestication of the Texas decree and should not have been dismissed by the trial court.

*Judgment reversed. All the Justices concur. Hill, J., not participating.*

ARGUED NOVEMBER 13, 1974 — DECIDED JANUARY 7, 1975.

*Hirsch, Beil & Partin, John P. Partin,* for appellant.