## 55779. GUEST v. GUEST.

QUILLIAN, Presiding Judge.

The plaintiff brought an action to recover past due alimony payments under a Florida divorce decree. From the trial judge's grant of a judgment in favor of the plaintiff, the defendant appeals to this court. *Held:*

1. "An application for contempt to enforce an alimony and child support judgment [of this state] is ancillary to the primary action and an incident of the divorce and alimony action." *Hines v. Hines,* 237 Ga. 755, 756 (229 SE2d 744). However, "Under the decisions exemplified by *McLendon v. McLendon,* 192 Ga. 70 (14 SE2d 477); *Lawrence v. Lawrence,* 196 Ga. 204 (3) (26 SE2d 283); *Henderson v. Henderson,* 209 Ga. 148 (1) (71 SE2d 210); and *Connell v. Connell,* 119 Ga. App. 485, 486 (167 SE2d 686), the suit to enforce a decree for alimony of a sister state does not make such a suit an alimony case; rather it is an action on a debt of record." *Matuszczak v. Kelly,* 233 Ga. 914 (2) (213 SE2d 875). Inasmuch as any "contempt" feature has been eliminated from this case and the judgment is essentially a finding that the defendant is indebted in a certain amount, we have considered this case and not transferred it. *Matuszczak v. Kelly,* supra. See in this connection *Parker v. Parker,* 233 Ga. 434 (211 SE2d 729).

2. The defendant enumerates as error the failure of the trial judge to make findings of fact and conclusions of law as required by Code Ann. § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). The plaintiff argues that the instant action was essentially a motion and therefore findings of fact and conclusions of law were not necessary under the ruling in *Hines v. Hines,* 237 Ga. 755, supra. See also CPA § 81A-152.

As we have shown, the plaintiff's complaint is essentially an independent action and not a motion in an alimony case as was the situation in *Hines v. Hines,* 237 Ga. 755, supra. Hence, the statutory requirements for findings of fact and conclusions of law not having been met, this case is remanded with direction that such findings be made, after which appeal may be brought by the losing party. *Tele-Spot of Atlanta v. Garden Cities*

*Corp.,* 137 Ga. App. 238 (2) (223 SE2d 273); *Carroll v. AFCO Credit Corp.,* 143 Ga. App. 264 (2) (238 SE2d 264).

*Appeal remanded with direction. Webb and McMurray, JJ., concur.*

SUBMITTED MAY 3, 1978 — DECIDED JULY 3, 1978.

*Len Antinoro,* for appellant.

*Greene, Smith & Davis, H. Darrell Greene,* for appellee.