## 34288. GRIFFIN v. GRIFFIN.

MARSHALL, Justice.

This is a contempt action brought by the appellee former wife against the appellant former husband because of the appellant's refusal to make payments allegedly required of him under Item 6 of a settlement agreement incorporated into the parties' divorce decree.

At the outset, the appellee argues that jurisdiction to hear the appeal of this contempt action is in the Court of Appeals under *Crute v. Crute,* 208 Ga. 723 (69 SE2d 257) (1953). *Crute* stands for the proposition that an appeal of a contempt adjudication made during the course of a divorce proceeding, but unrelated to the final divorce decree, is in the Court of Appeals. However, an application for contempt to enforce the divorce decree is ancillary to, and an incident of, the divorce action, and jurisdiction to hear an appeal of this nature is in this court. See *Hines v. Hines,* 237 Ga. 755 (1) (229 SE2d 744) (1976) and cits.

The appellee instigated the divorce action against the appellant, and she was granted a divorce on the pleadings in October of 1976, the remaining issues being reserved for later disposition. On March 25, 1977, the parties entered into the custody and property settlement agreement, which was incorporated into their final divorce decree on March 28, 1977. In relevant part, the agreement provides as follows: Item 1 of the agreement

provides, "That there is a lump sum property settlement and alimony in gross in full of the Wife's right, title and interest of every kind, nature, character and description whatsoever, in and to the property, income or estate which the Husband now owns or may hereafter acquire, and upon the performance of the agreed upon provisions, the Wife releases all claim to the Husband's property and estate except as hereinafter agreed." Item 2 requires the husband to pay the wife $20,000 within 10 days of the execution of the agreement. Item 6 requires the husband to pay sums due under the "temporary order" in the amount of $1,040.72. Item 9 requires the husband to deliver to the wife a refrigerator-freezer equal in value to the one remaining in the parties' home.

On the day the custody and property settlement agreement was executed, but prior to the time it was incorporated into the divorce decree, the appellee signed a document whereby she acknowledged receipt of $400 "in full settlement of Item 6 and Item 9 of the Property Settlement and Custody Agreement." (This document was introduced in evidence as Exhibit A.) On the same day, the appellee also signed a document acknowledging receipt of $25,000, in consideration of which the appellee agreed to "release and relinquish any right or claim of any kind or nature, that she has or might have against [appellant]." (This document was introduced in evidence as Exhibit C.) The agreement of the parties and the two releases were executed at a meeting between the parties with their respective attorneys present.

The appellant argues that, under the document marked Exhibit A, he paid the appellee $400 in consideration of which she released him from his payment obligations under Items 6 and 9 of the agreement, thereby working an accord and satisfaction. Accordingly, the appellant argues that he should not have been held in contempt for refusing to make the $1,042.72 payment under Item 9.

The appellee, on the other hand, argues that it was her intention, and that it was represented to her, that she was only releasing the appellant from his obligation under Item 6 to deliver to him the refrigerator-freezer, which was valued at approximately $700.

The appellee also argues that she was not authorized to release the appellant from his obligations under Item 9, as it has been held that a former husband and wife can not by subsequent agreement nullify or modify the final divorce decree so as to deprive the children of child support. *Palmes v. Palmes,* 231 Ga. 347 (201 SE2d 413) (1973) and cits.; *Glaze v. Strength,* 186 Ga. 613 (198 SE 721) (1938). We agree. We hold that the trial court was authorized to hold the appellant in contempt for failing to pay the sums due under Item 9 of the separation agreement on the ground that these sums represented the amount the appellant owed the appellee as temporary alimony, which includes child support. E. g., *Hewlett v. Hewlett,* 220 Ga. 656 (140 SE2d 898) (1965); *Finch v. Finch,* 213 Ga. 199 (97 SE2d 576) (1957); *Eskew v. Eskew,* 199 Ga. 513 (34 SE2d 697) (1945).

Having determined that the trial court did not err in holding the appellant in contempt, we also hold that the court did not abuse its discretion in awarding attorney fees to the wife. See Code Ann. § 30-202.1 (Ga. L. 1976, pp. 1017, 1018); *Evans v. Evans,* 242 Ga. 57 (247 SE2d 857) (1978).

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 1, 1978 — DECIDED FEBRUARY 15, 1979.

*Whitehurst, Cohen & Blackburn, A. J. Whitehurst,* for appellant.
*Twitty & Twitty, Frank S. Twitty,* for appellee.