57605. GUEST v. GUEST.

QUILLIAN, Presiding Judge.

The defendant appeals from a judgment of the trial court ordering the defendant to pay past due child support predicated on a Florida decree. We had previously remanded the cause for the entry of findings of fact and conclusions of law. See *Guest v. Guest,* 146 Ga. App. 512 (246 SE2d 503). *Held:*

1. Unlike the Supreme Court of Georgia we have no equitable authority to re-mold a judgment. *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) is not applicable to the facts here. The judgment entered herein was not error as a matter of law.

2. Where Georgia has jurisdiction over the person of the defendant, a divorce decree of another state may be domesticated and enforced against him. *Parker v. Parker,* 233 Ga. 434, 435 (211 SE2d 729).

3. The requirement that in passing upon a motion for new trial the trial judge shall specify the grounds for granting or denying the motion is only applicable under Code Ann., § 81A-150 (c) (1) (CPA § 50; Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248) where a motion for judgment notwithstanding the verdict is granted. See *Speer v. Gemco Elevator Co.,* 134 Ga. App. 360 (214 SE2d 425).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED MAY 14, 1979.

*Len Antinoro,* for appellant.

*Greene, Smith & Davis, H. Darrell Greene, Laurie C. Davis,* for appellee.