## 34818. BAKER v. BAKER.

UNDERCOFLER, Presiding Justice.

This appeal by the father, now a resident of Glynn County, arises from a judgment in which a Florida divorce decree awarding alimony and child support payments to the wife, now a resident of Ohio, was domesticated and a finding of contempt on certain arrearages due under that decree was entered at the same time. *Parker v. Parker,* 233 Ga. 434, 436 (211 SE2d 729) (1975) is controlling. Appellant contends contempt cannot lie where there is no contempt of the domesticating court at the time the petition was filed and further, that a defendant cannot be held in contempt for failure to abide by the judgment of a foreign court until after the same has been domesticated and then only for acts or failures to act which took place after the date of domestication. These contentions are without merit. See also *White v. White,* 233 Ga. 289 (210 SE2d 817) (1974). Enforcement by contempt sought in Georgia is authorized under our law and under the laws of the state where the original judgment was granted.

McDuffie v. McDuffie, 155 Fla. 63 (19 S2d 511) (1944); Sackler v. Sackler, 47 S2d 292 (Fla., 1950).
*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1979 — DECIDED MAY 30, 1979.

*Gibbs, Leaphart & Smith,. T. Alvin Leaphart,* for appellant.
*George M. Rountree,* for appellee.