## 35033. MARTIN v. MARTIN.

HALL, Justice.

This appeal is from an order denying a former wife's prayer for contempt. The trial court had granted a partial

summary judgment to the appellant which domesticated a South Carolina decree in the amount of $14,825 in alimony installments and $1,500 in attorney fees found to be due by the South Carolina court under its previous award. The South Carolina court refused to invoke its contempt powers at the time it entered its lump sum judgment.

The trial court's order refusing to hold the appellee in contempt stated ". . . that any acts of contempt on the part of the defendant [appellee] occurred prior to the domestication of the South Carolina decree and the judgment granted in this court was based upon a lump sum on past due installments as fixed by the South Carolina Family Court and this Court's order did not provide for any method of payment."

1. The trial court's power is not limited to contempt acts occurring after the date of domestication. *Baker v. Baker,* 243 Ga. 689 (1979).

2. Contempt will lie for the failure to pay an alimony award even though the decree contains no specific command to pay. *Griggers v. Bryant,* 239 Ga. 244 (236 SE2d 599) (1977).

*Judgment reversed and remanded to the trial court for reconsideration of the issues in the case. All the Justices concur.*

SUBMITTED JUNE 13, 1979 — DECIDED JULY 2, 1979 — REHEARING DENIED JULY 18, 1979.

*Awtrey & Parker, Don A. Mangerie, Toby B. Prodgers,* for appellant.
*David G. Archer,* for appellee.