## 64002. GRAY v. LOPER.

McMURRAY, Presiding Judge.

On August 1, 1980, in the Circuit Court of Mobile County, Alabama, a "Judgment of Divorce" was entered between John A. Loper, the plaintiff therein, and Adelene R. Loper, the defendant. The decree awarded certain jointly owned real property in Alabama to the plaintiff John A. Loper and also ordered "that *the monies presently in the hands of the Defendant [Adelene R. Loper] in the amount of $19,759.56* which the Defendant was previously restrained and enjoined from disposing of by a previous order of this Court *shall be equally divided between the parties,* and that the Defendant shall within thirty days from this date pay to the Plaintiff the amount of $9,879.78, *and in the event Defendant fails, refuses or neglects to do so within said thirty days, that her one-half share of the said monies shall be reduced by $2,000.00, and that the Plaintiff shall be awarded a judgment against the Defendant in the amount of $11,879.78.*" (Emphasis supplied.)

John A. Loper, as plaintiff, has now brought a petition to domesticate this Alabama decree and for same to be made the judgment of the Peach County Superior Court as the defendant Adelene R. Gray (formerly Adelene R. Loper) now resides in Peach County, Georgia. In addition to the prayer for the issuance of summons and service and domestication of the foreign decree he prayed that the defendant be attached for contempt and ordered to comply with the judgment as ordered and for a rule nisi to issue requiring the defendant to be and appear and show cause why the plaintiff should not be granted the relief requested.

The defendant answered, admitting jurisdiction, the existence

of the divorce decree and the substance of the copy attached, but denied the validity of same or that it was enforceable against her in that she was a bona fide resident of the State of Georgia and the Alabama court was "without jurisdiction to enter an order divesting defendant of property then located in Georgia, or to enter a judgment for alimony as against defendant who was then a Georgia resident." She also denied that the court should cite her for contempt with appropriate sanctions or that she be required to pay plaintiff's attorney fees or expenses of litigation or that the State of Alabama would enforce a similar judgment of the State of Georgia by action for contempt.

On October 14, 1981, the trial court issued an order (filed and recorded October 20, 1981) setting forth certain facts in the case that plaintiff and defendant were married in Georgia in 1970 and resided at all times after that date in Alabama. In April 1980 the defendant separated from her husband and moved to Georgia establishing domicile here. The plaintiff obtained service pursuant to Alabama's domestic "long arm" statute and obtained the divorce by default in Alabama. The trial court stated that the issue before the court was whether defendant had sufficient minimum contacts with Alabama and whether or not it was unfair to require her to defend in that state. Citing numerous decisions of federal and state jurisdictions the trial court further found that the State of Alabama had "expressed an interest in the subject of this litigation by articulating in its long arm statute that 'living in the marital relationship within this state, notwithstanding subsequent departure from this state . . .' constitutes a minimum contact. ARCP 4.2." Whereupon the trial court affirmatively determined that it was proper for the Georgia court to afford full faith and credit to the Alabama judgment, and "the Alabama divorce and alimony decree should be domesticated and thus enforced by this Georgia court."

On October 26, 1981, another rule nisi was issued to the defendant requiring her to show cause before the trial court as to "why she should not be adjudged as for contempt and all other relief sought by plaintiff." The trial court then, on November 6, 1981, issued an order (filed and recorded November 16, 1981) styled "Order Absolute" that after the presentation of evidence and argument of counsel the court found the defendant owes the plaintiff $11,879.78 by virtue of the order of that court dated October 14, 1981, "domesticating the Alabama Divorce and Alimony Decree between the parties dated August 1, 1980," and as the defendant had not made any payments on said indebtedness defendant was found in contempt but might purge herself of the contempt by paying to the plaintiff on or before 60 days from the date of the order the sum of

$11,879.78. Defendant appeals. *Held:*

1. This case was docketed first in the Supreme Court, but by order transferred to this court, citing *Henderson v. Henderson,* 209 Ga. 148 (71 SE2d 210), and *Johnson v. Johnson,* 223 Ga. 147 (154 SE2d 13). Both of the above cases (*Henderson* and *Johnson*) were transferred to this court because they were no longer alimony cases within the constitutional provision fixing the jurisdiction of the court but actions "on a debt of record." In *Henderson v. Henderson,* 86 Ga. App. 812 (1), 813 (72 SE2d 731), this court held that since the decree of another state was for alimony thereafter domesticated in this state, it was "simply an action on a debt of record," and the citation for contempt based upon an alleged failure to comply with the judgment rendered by the court of another state is not an alimony case within the provisions of the Georgia constitution, citing the language of *Henderson v. Henderson,* 209 Ga. 148, supra. In *Johnson v. Johnson,* 115 Ga. App. 749 (156 SE2d 186), this court affirmed the domestication of the judgment of a sister state duly authenticated and as conclusive on the defendant as to all questions that he could have been heard on in the court of the sister state when and before the judgment was rendered. However, in *Parker v. Parker,* 233 Ga. 434, 436 (211 SE2d 729), the Supreme Court, citing *Henderson v. Henderson,* 86 Ga. App. 812, 814, supra, and others, stated it would not follow these earlier cases in making a distinction between the enforcement of a final divorce and alimony decree originally rendered in Georgia and a similar decree rendered in another state after its domestication in Georgia "when the enforcement sought in Georgia is authorized under our law and under the laws of the state where the judgment was granted." The decree in *Parker v. Parker,* supra, was from the State of Texas, and it was therein stated that "The Texas courts would enforce this decree by contempt if it had been granted in Georgia." In *White v. White,* 233 Ga. 289, 290-291 (210 SE2d 817), the Supreme Court held "[t]he fact that the prior DeKalb County Superior Court judgment continued in effect the payments previously adjudicated by the New Jersey court and did not modify the same would not preclude the former husband from being held in contempt of court for failure to comply with the DeKalb County judgment," but in Division 4 held that issue was now moot.

2. It is apparent from the record here that the trial court heard evidence, and the notice of appeal recites that the clerk should omit nothing from the record of the proceedings in the trial court. The parties by brief have stipulated to certain facts to which they are in full agreement. However, we decline to accept same in ruling on this case when the parties failed to follow the proper procedure in the trial court. Code Ann. § 6-805 (i) (Ga. L. 1965, pp. 18, 24) sets forth the

proper procedure with reference to such stipulations of the case as follows: "In lieu of sending up a transcript of record, the parties may by agreement file a stipulation of the case showing how the questions arose and were decided in the trial court, together with a sufficient statement of facts . . . Before being transmitted to the appellate court, the stipulation shall be approved by the trial judge or the presiding judge of the court where the case is pending." See *Martin v. Dept. of Public Safety,* 226 Ga. 723 (2) (177 SE2d 243); *Herring v. Herring,* 228 Ga. 492 (186 SE2d 538). Under the circumstances, we cannot review any issue requiring a review of the evidence since there is no transcript of same. See *White v. White,* 231 Ga. 52, 53 (1) (199 SE2d 897). However, we accept the facts set forth by the trial court as shown in the two orders which the defendant seeks to appeal as properly setting forth the facts on which it bases its judgment as same appear in the record before this court.

3. The first enumeration of error contends that the trial court erred in giving full faith and credit to the Alabama decree ostensibly because the defendant was a resident of the State of Georgia at the time the decree was issued in default. Yet, under the recent case of *Whitaker v. Whitaker,* 237 Ga. 895, 896-899 (230 SE2d 486), a case, somewhat similar on its facts to the case sub judice, involving a Florida case awarding a divorce to the parties, granting custody, child support and certain personal property to the wife and title to certain Florida real estate to the husband, it was held that there were sufficient contacts with the forum state to satisfy in personam jurisdiction (service obtained pursuant to Florida's domestic relations "long arm" statute as was the case here), and the Florida judgment was entitled to full faith and credit in the courts of this state. There is no merit in the first enumeration of error.

4. The remaining enumeration of error complains of the granting of relief (the contempt of court and the trial court's "Order Absolute" based on the Alabama decree not entitled to full faith and credit). As ruled above it was entitled to full faith and credit. Nevertheless, the "Order Absolute" in addition to finding the defendant had not paid the judgment found her in contempt and ordered her to purge herself of the contempt by paying same within 60 days. We find nothing in the record to contradict the trial court's characterization of the sum in question as alimony, nor do we find under Alabama law any requirement that such "alimony in gross" be specifically labeled as such in the divorce decree. See Black's Law Dictionary, Fourth Edition. As stated by the Court of Civil Appeals of Alabama in Hartsfield v. Hartsfield, 384 S2d 1097, 1099 (4, 5), the substance prevails over form requiring a factual analysis in order to characterize the sum as alimony rather than a property settlement.

As no issue has been raised on appeal to the characterization of the sum in question as alimony as opposed to a property settlement and we being bound as stated in Division 2 by the facts as set forth in the trial court's orders, we must accept that the sum in question is "alimony in gross" under Alabama law. Under such cases as *Parker v. Parker,* 233 Ga. 434, 436, supra; *White v. White,* 231 Ga. 52, supra; *Griffin v. Griffin,* 243 Ga. 149 (253 SE2d 80); and *Guest v. Guest,* 146 Ga. App. 512 (246 SE2d 503), our Supreme Court has jurisdiction in all divorce and alimony cases, including contempt citations regarding same. Yet the Supreme Court in the case sub judice has transferred this case to this court based upon the enumerations of error that the trial court erred in giving full faith and credit to the Alabama judgment. We have reviewed same above and have found no error in that the trial court gave the Alabama judgment full faith and credit domesticating the judgment in this state. Accordingly, we construe the appeal just as we did in *Guest v. Guest,* 146 Ga. App. 512 (1), supra, to be one in which the contempt feature is not involved on appeal. If the decree involved a property settlement then perhaps any action of the trial court as to the contempt of court would be erroneous and within our jurisdiction to review and to reverse the trial court. If, however, the contempt citation involved matters arising out of the divorce and alimony then same would come exclusively within the jurisdiction of the Supreme Court under the Constitution of Georgia of 1976 (Code Ann. § 2-3104; Art. VI, Sec. II, Par. IV) with reference to divorce and alimony cases.

The Court of Appeals has jurisdiction to review any action on a debt of record. But contempt of court as to a debt of record is not authorized under the Georgia law. Accordingly, we construe the order transferring this case to this court by the Supreme Court to be the transfer of a case for a review based solely on whether or not the trial court erred in giving full faith and credit to a foreign decree domesticated in this state and the enumerations of error in no wise involve the contempt feature. See in this connection *Matuszczak v. Kelly,* 233 Ga. 914, 915 (2) (213 SE2d 875); *Parker v. Parker,* 233 Ga. 434, supra, and *Guest v. Guest,* 146 Ga. App. 512 (1), supra.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 16, 1982.

*Lawrence C. Collins,* for appellant.
*Randall C. Sorenson,* for appellee.