## 67211. IANNICELLI v. IANNICELLI.

BIRDSONG, Judge.

This appeal arises from the trial court's judgment against appellant/husband on his affidavit of illegality filed in response to appellee/wife's fi. fa. issued on the alimony provisions of their 1972 divorce decree. The threshold question is whether this court has jurisdiction to consider this matter. Although there appears to be no clear cut precedent, we are of the opinion that jurisdiction over this appeal lies in the Supreme Court.

1. First, we consider this appeal to arise from an attempt to enforce the Georgia divorce decree. The Supreme Court held in *Griffin v. Griffin,* 243 Ga. 149 (253 SE2d 80), that "an application for contempt to enforce the divorce decree is ancillary to, and an incident of, the divorce action, and jurisdiction to hear an appeal of this nature is in [the Supreme Court]." This decision appears to have laid the general rule that the enforcement of alimony provisions in a domestic "divorce decree is ancillary to, and an incident of, the divorce action." Id. A distinction has been drawn between enforcement of the alimony provisions in a domestic divorce decree from those provisions in a non-domesticated, foreign decree, over which this·court has jurisdiction. See *Parker v. Parker,* 233 Ga. 434 (211 SE2d 729). We perceive no logical reason for distinguishing the enforcement of domestic alimony provisions by fi. fa. from the enforcement of those

provisions by contempt, since each proceeding involves the husband's obligation for alimony arising from the domestic divorce judgment. Consequently, although an affidavit of illegality is not an equitable proceeding and normally lies within this court's jurisdiction (see *Hamilton v. Hamilton,* 80 Ga. App. 750 (57 SE2d 301)), we construe this matter as having arisen from the domestic divorce decree and as being properly within the jurisdiction of the Supreme Court.

In reaching this decision, we are mindful of the holding in *Lege v. United States,* 236 Ga. 138 (223 SE2d 78), wherein the Supreme Court held that a garnishment proceeding to collect permanent alimony "is not an 'alimony case' within the meaning of Code Ann. § 2-3104 [now Ga. Const., Art. VI, Sec. VI, Par. III (6) (Code Ann. § 2-3203)] which establishes the jurisdiction of [the Supreme Court]." We perceive that decision to have been based upon the independent nature of a garnishment action, which is in essence a proceeding against a non-party to the divorce decree.

2. Second, we perceive the remedy being sought by appellant in this case, although couched in the form of an affidavit of illegality (see OCGA § 9-13-120 et seq. (Code Ann. § 39-1001 et seq.)), to be primarily an attempt to secure equitable relief from the trial court based upon the Supreme Court's holding in *Morris v. Sheffield,* 214 Ga. 63 (102 SE2d 595). In *Morris,* the husband merely requested the trial court to exercise its equitable powers and set aside the fi. fa. issued pursuant to the alimony provision of a divorce judgment. In this case, it does not appear that appellant questions the divorce decree, his liability for alimony thereunder, or the "legality" of the fi. fa.; he is merely seeking to have the superior court set aside the fi. fa. on equitable grounds because of his former wife's apparent abandonment of two children over which she was charged with custody pursuant to the final divorce decree. Construing the "affidavit of illegality" so "as to do substantial justice" (OCGA § 9-11-8 (f) (Code Ann. § 81A-108)), "judging the pleading by its function rather than by its name" (*Holloway v. Frey,* 130 Ga. App. 224, 227 (202 SE2d 845)), and presuming that the request for equitable relief in this action need not satisfy the procedural requirements of OCGA § 9-11-60 (e) (Code Ann. § 81A-160) (compare *Sellers v. Bell,* 151 Ga. App. 440 (2) (260 SE2d 538) with *Holloway,* supra, p. 228), we consider this appeal to be from a judgment rendered pursuant to a request for equitable relief, which places the appeal within the Supreme Court's jurisdiction. Ga. Const., Art. VI, Sec. VI, Par. III (2) (Code Ann. § 2-3203).

*Case transferred to the Supreme Court. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 30, 1983.

*George M. Rountree, John W. Davis,* for appellant.
*Edward E. Boshears,* for appellee.