### 42239. LEWIS v. ROBINSON.
(329 SE2d 498)

PER CURIAM.

Deborah Robinson and Steven Lewis were divorced in Ohio in 1978. Their separation agreement, which was incorporated into the Ohio decree, provided that Lewis would pay $400 in child support per month, and that this amount would increase 8% per year.[1] In July 1984, Robinson filed this suit against Lewis in the county of his residence (Cobb), seeking to domesticate the Ohio judgment and to have Lewis attached for contempt and ordered to pay all arrearages ($5,489.13). After a hearing, the trial court domesticated the judgment and found Lewis to be in contempt of it. See *Parker v. Parker,* 233 Ga. 434 (211 SE2d 729) (1975).

Lewis filed an application to appeal in the Court of Appeals, which was denied. He also filed a notice of appeal to the Court of Appeals, and Robinson filed a motion to dismiss the appeal on the ground that under OCGA § 5-6-35 (a) (2), this case is appealable only by application.[2] The Court of Appeals transferred the case to this court, apparently in reliance upon *Matuszczak v. Kelly,* 233 Ga. 914, 915 (213 SE2d 875) (1975), and the physical precedent that this court decided *Parker v. Parker,* supra. In this connection, see *Guest v. Guest,* 146 Ga. App. 512 (246 SE2d 503) (1978); *Tallman v. Tallman,* 161 Ga. App. 447 (287 SE2d 703) (1982); *Gray v. Loper,* 163 Ga. App. 552 (4) (295 SE2d 229) (1982).

This is a suit on a foreign judgment, not a divorce or alimony case within the meaning of our Constitution, and jurisdiction of this appeal is in the Court of Appeals. *Matuszczak v. Kelly,* supra; Const. 1983, Art. VI, Sec. VI, Par. III (6), and Sec. V, Par. III. The statement in *Matuszczak,* on page 915, to the effect that this court would have had jurisdiction if the former wife had sought to have the former husband held in contempt was dicta and will not be followed.

The fact that this court decided *Parker v. Parker,* supra, where the jurisdictional issue was not raised or decided, does not require a different result. To avoid any doubt, we reaffirm the holding in

---

[1] On appeal, Lewis attacks the 8% per year automatic increase provision.

[2] OCGA § 5-6-35 (a) (2) requires an application in: "Appeals from judgments or orders in divorce, alimony, child custody, and other domestic relations cases including, but not limited to, granting or refusing a divorce or temporary or permanent alimony, awarding or refusing to change child custody, or holding or declining to hold persons in contempt of such alimony or child custody judgment or orders."

*Parker* to the effect that a former spouse may be held in contempt of a foreign divorce decree domesticated here.

Because this case must now be returned to the Court of Appeals, we remand to that court appellee's motion to dismiss appeal based upon OCGA § 5-6-35 (a) (2).

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED MAY 22, 1985.

*Edward W. McCrimmon,* for appellant.
*Jack Paller,* for appellee.