# Court of Appeals
# of the State of Georgia

ATLANTA,　May 26, 2016

*The Court of Appeals hereby passes the following order:*

## A16A1718. BRIAN SANTRY v. DENISE B. FISHER.

In 2009, the trial court domesticated a foreign judgment of divorce between Denise B. Fisher and her ex-husband, Brian Santry. The trial court thereafter found Santry in contempt for failure to pay $274,835.62 in alimony to Fisher and issued a warrant for Santry's arrest. Santry filed a motion to quash the arrest warrant, which the trial court denied. Santry filed a direct appeal. We lack jurisdiction.

Appeals from orders in domestic relations cases, including "holding or declining to hold persons in contempt of such alimony judgment or orders" must be made by application for discretionary appeal. OCGA § 5-6-35 (a) (2); see also *Schmidt v. Schmidt*, 270 Ga. 461 (510 SE2d 810) (1999). Because the instant case is based on rights and obligations that were created in the parties' divorce decree, and the parties are the ex-spouses, it involves domestic relations and compliance with OCGA § 5-6-35 is required.[1] See *Walker v. Estate of Mays*, 279 Ga. 652 (1) (619 SE2d 679) (2005). Santry's failure to follow the appropriate appellate procedure deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED.

---

[1] The Supreme Court has held that a suit on a domesticated foreign divorce decree is "not a divorce or alimony case within the meaning of our Constitution" and therefore jurisdiction is proper in this Court, rather than the Supreme Court. *Lewis v. Robinson*, 254 Ga. 378 (329 SE2d 498) (1985).



*Court of Appeals of the State of Georgia*

      *Clerk's Office, Atlanta,*_____05/26/2016_____

      *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*