SHIRLEY ANN DOWNEY v. WALTER LEE DOWNEY

No. 7521DC981

(Filed 5 May 1976)

1. Divorce and Alimony § 25— Tennessee divorce decree — admission by defendant that it was entered

In an action for alimony and counsel fees where plaintiff sought that full faith and credit be given a prior divorce decree entered in Tennessee and that defendant be ordered to pay the accrued payments under the decree, the trial court did not err in admitting the Tennessee decree into evidence, since the admission in defendant's answer that the Tennessee decree was entered amounted to a judicial admission as to its authenticity.

2. Divorce and Alimony § 25— Tennessee divorce decree — full faith and credit given by N. C. court

In an action for alimony and counsel fees, the trial court did not err in giving full faith and credit to a prior divorce decree entered in Tennessee, since the trial court had personal jurisdiction over both of the parties and had authority, pursuant to G.S. 50-16.9(c), to modify the Tennessee decree to the same extent as the Tennessee court in which it was entered.

APPEAL by defendant from *Leonard, Judge.* Judgment entered 16 July 1975 in District Court, FORSYTH County. Heard in the Court of Appeals 17 March 1976.

Plaintiff brought this action in Forsyth County. She alleged that the parties obtained a divorce in 1965 in Blount County, Tennessee. She further alleged that the divorce decree directed defendant to pay her $700 per month as alimony and child support, and that defendant stopped the payments in May, 1974. Plaintiff prayed that full faith and credit be given the Tennessee decree, that defendant be ordered to pay the accrued payments under the decree, and that he be ordered to pay future alimony and counsel fees.

Defendant admitted the Tennessee decree, but he alleged it was not a final order and therefore not entitled to full faith and credit.

Plaintiff's evidence tended to show that defendant made payments pursuant to the Tennessee decree until the youngest child reached the age of eighteen. Defendant then terminated all payments.

The trial court concluded that the Tennessee decree was entitled to full faith and credit, but it modified the $700 per month alimony and child support payments to payments of $300 per month alimony. Defendant was further ordered to pay arrearages at the rate of $300 per month from June, 1974, and counsel fees for plaintiff were denied. Defendant appealed.

*Carol L. Teeter for plaintiff appellee.*

*White and Crumpler, by Fred G. Crumpler, Jr., and Michael J. Lewis, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant assigns error to the admission into evidence of the Tennessee decree. He maintains that under G.S. 1A-1, Rule 44(a), and 28 U. S. Code, § 1738, the "certificate" of the Tennessee judge was not admissible because it lacked a seal, did not state that such judge was custodian of the records, and was not authenticated.

Plaintiff calls attention to G.S. 1A-1, Rule 44(c), and contends that official records are also admissible in accordance with any other applicable statute or rules of evidence at common law. She cites Stansbury's N. C. Evidence (Brandis Rev.), § 177, and argues that the admission in defendant's answer that the Tennessee decree was entered amounted to a judicial admission as to this issue. We agree and find no error in the admission of the Tennessee decree into evidence.

[2] Defendant next contends that the trial court committed error by giving full faith and credit to the Tennessee decree. He argues that under Tennessee statutory provision an order for support remains in the Tennessee court's control to be increased or decreased for cause shown by either party, and that such a decree is therefore not final and not entitled to full faith and credit.

Downey v. Downey

We are persuaded that it was not error to give full faith and credit to the Tennessee decree. However, it is not necessary to discuss in this opinion the question of when full faith and credit should be given to a foreign decree. The General Assembly of North Carolina enacted G.S. 50-16.9 (c), and that statute controls the circumstances of this case. It provides:

"When an order for alimony has been entered by a court of another jurisdiction, a court of this State may, upon gaining jurisdiction over the person of both parties in a civil action instituted for that purpose, and upon a showing of changed circumstances, enter a new order for alimony which modifies or supersedes such order for alimony to the extent that it could have been so modified in the jurisdiction where granted."

The decree entered by the Tennessee court awarded alimony and support to plaintiff. Personal jurisdiction over both parties was acquired by the District Court of Forsyth County in an action seeking relief under the Tennessee order, and the court found, based upon competent evidence, that there had been a change in circumstances, i.e., that the two minor children referred to in the Tennessee decree had reached their majority. The District Court of Forsyth County had authority to modify the Tennessee decree to the same extent as the Tennessee court in which it was entered, including the authority to enforce payment under the Tennessee decree.

In not making findings of fact to support its order of prospective alimony the defendant contends the trial court erred. We disagree. This action was brought by plaintiff to enforce the Tennessee decree, and G.S. 50-16.9 (c) authorized a modification of the Tennessee decree "upon a showing of changed circumstances." A change in circumstances was shown and there was no error in the court's modifying the Tennessee order by reducing the "$700 per month as alimony and support" to $300 per month "alimony."

We find no error in the decision of the trial court, and the order is

Affirmed.

Judges MORRIS and HEDRICK concur.