VIRGINIA K. THOMPSON v. JOHN H. THOMPSON

No. 7614DC969

(Filed 7 September 1977)

**Divorce and Alimony § 19.2— foreign divorce decree—action to recover accrued alimony—changed circumstances—evidence improperly excluded**

    In an action by plaintiff to recover accrued alimony and other payments required under a S.C. divorce decree, the trial judge erred in refusing to hear evidence of defendant's changed circumstances as it related to possible modification of future payments.

APPEAL by defendant from *Gantt, Judge.* Judgment entered 31 August 1976 in District Court, DURHAM County. Heard in the Court of Appeals 24 August 1977.

This is an action by plaintiff to recover accrued alimony and other payments required under a South Carolina divorce decree. The chronology of events is as follows:

Plaintiff and defendant were formerly husband and wife residing in Columbia, Richland County, South Carolina. In August 1972 plaintiff instituted an action in the Richland County Court seeking a decree of divorce from defendant and seeking alimony and other payments of expenses from defendant. On 20 June 1974 a final decree of divorce was entered in South Carolina wherein plaintiff was awarded use of the home and furnishings in Columbia; defendant was ordered to pay mortgage payments and normal utilities and maintenance for the Columbia home; plaintiff was awarded a 1969 Chrysler automobile and defendant was ordered to pay the insurance thereon; and defendant was ordered to pay $150.00 per month alimony to plaintiff.

At some time, not disclosed by the record before us, after the marital difficulties began defendant moved to Durham, North Carolina. On 1 November 1974 plaintiff instituted an action in Durham County to recover payments accrued under the South Carolina decree. In that action the South Carolina decree was given full faith and credit, and judgment for payments accrued to 1 November 1974 under the South Carolina decree was rendered against defendant.

On 12 December 1975 the present action was instituted to recover payments accrued under the South Carolina decree from 1 November 1974 to the date of institution of this action on 12 December 1975. The trial judge found that defendant was in arrears

in alimony payments in the amount of $2,168.25, and was in arrears in house maintenance costs in the amount of $997.70.

Defendant alleged in his answer, and sought to introduce evidence of, a change of circumstances since entry of the South Carolina decree in June 1974, and sought a modification of the South Carolina decree to comport with the changed circumstances. The trial court ruled that the evidence was not admissible in this action which was instituted for past due payments under the decree. Defendant appealed.

*Battle & Bayliss, by William H. Bayliss, for the plaintiff.*

*Pulley & Wainio, by W. Paul Pulley, Jr., for the defendant.*

BROCK, Chief Judge.

Apparently the trial judge was either persuaded that defendant was seeking to modify the South Carolina decree with respect to the past due payments, or persuaded that G.S. 50-16.9(c) requires that an independent action be instituted for the specific purpose of modifying the South Carolina decree. In either event, His Honor's persuasion was misguided.

Defendant concedes that he is entitled to such modification of the South Carolina decree only with respect to future payments. Defendant has the burden of showing a change of circumstances to justify a change in future payments. In *Downey v. Downey*, 29 N.C. App. 375, 224 S.E. 2d 255 (1976) this Court held that the trial judge had jurisdiction to consider defendant's evidence of changed circumstances in plaintiff's action for judgment for payments past due under a foreign decree. In *Downey* the trial judge awarded judgment for accrued payments but modified the amount of future payments because of a showing of changed circumstances. This Court affirmed.

We see no impediment to a defendant's seeking relief as to future payments in an action by a plaintiff for recovery of payments accrued under a foreign alimony decree. However, we think it is advisable that he should do so by counterclaim specifically alleging a change of circumstances and specifically seeking relief only as to future payments. Then the Court and the parties will be fully apprised of his intention. In fact the one action is clearly more expeditious than requiring two separate actions between the same parties.

In the instant case, we hold that the trial judge erred in refusing to hear evidence of changed circumstances as it relates to possible modification of future payments.

We affirm so much of the judgment appealed from that awards judgment to plaintiff for accrued payments. We reverse the ruling of the trial judge that prohibited defendant in this action from seeking modification of the foreign decree with respect to future payments, and remand this cause to the District Court for further appropriate proceedings.

Affirmed in part.

Reversed in part and remanded. ·

Judges BRITT and MORRIS concur.