### 34165. BLUE v. BLUE.

HALL, Justice.

The issue presented in this case is whether a Georgia court may modify a sister state's award of alimony and child support after the foreign decree has been domesticated in Georgia.

In 1972, the Blues were divorced in Mississippi. In 1978, the former wife domesticated the foreign divorce decree in Georgia and sought to modify the alimony and child support provisions due to changed circumstances. The former husband and appellant in this case moved to dismiss the action on the ground that the Georgia court lacked subject matter jurisdiction and that no claim for relief was presented. The trial court overruled appellant's motion and certified its order for immediate review. We affirm.

When a decree for installment payments of alimony or child support is given in a sister state, and the decree constitutes a final and unmodifiable judgment as to amounts due and unpaid under it, the full faith and credit

clause requires that Georgia permit suits for the amount due and unpaid up until the time the suit is brought. Barber v. Barber, 323 U. S. 77 (1944); Sistare v. Sistare, 218 U. S. 1 (1910). But orders for the future payment of support are typically modifiable in the issuing state. Such is the case here. A Mississippi court could modify prospectively alimony and child support payments based upon changed circumstances. Miss. Code Ann. § 93-5-23; Campbell v. Campbell, 357 S2d 129 (Miss. 1978).

Because prospective modification of the original Mississippi decree is possible, the decree is non-final; Georgia is not required by the full faith and credit clause to recognize non-final decrees. Sistare v. Sistare, supra. For reasons of comity among sister states and our own public policy, however, Georgia courts recognize and give prospective enforcement to a foreign alimony or child support decree by establishing it as the decree of a Georgia court through domestication and treating it as though it were a local decree. *Parker v. Parker,* 233 Ga. 434 (211 SE2d 729) (1975); *White v. White,* 233 Ga. 289 (210 SE2d 817) (1974). As *Parker* indicates, a growing number of states follow this policy. The issue now presented is whether Georgia courts may modify a domesticated sister state decree. We conclude that they may do so.

Our conclusion is prompted by our own public policy which recognizes a husband's duty to support his wife and children. No valid reason exists for Georgia courts to ignore familial obligations created in sister states. Moreover, Georgia courts with personal jurisdiction of the parties may be a more convenient forum in which to hear a request for modification than the courts of the state where the alimony or support decree was originally rendered. Modification of a sister state decree does not offend the full faith and credit clause so long as the decree is modifiable by the rendering state. In Halvey v. Halvey, 330 U. S. 610, 615 (1947), the Supreme Court stated that the forum state, in this case Georgia, "has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the state where it was rendered."

We note that with this decision we join a growing number of states which permit requests for modification by either party after domestication of a foreign divorce

decree. E.g., Worthley v. Worthley, 44 Cal. 2d 465 (283 P2d 19) (1955); Buchanan v. Buchanan, 353 Mass. 351 (231 NE2d 570) (1967); Gorvin v. Stegmann, 74 Wash. 2d 177 (443 P2d 821) (1968); Wicker v. Wicker, 85 Nev. 141 (451 P2d 715) (1969); Kniffen v. Courtney, 148 Ind. App. 358 (266 NE2d 72) (1971); Amato v. Sanborn, 47 Mich. App. 244 (209 NW2d 429) (1973); Hollis v. Hollis, 508 SW2d 179 (Texas Civ. App., 1974); Lazar v. Lazar, 317 S2d 854 (Fla. 1975); Downey v. Downey, 29 N. C. App. 375 (224 SE2d 255) (1976).

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 11, 1978 — DECIDED
JANUARY 24, 1979.

*Gerard & Matthews, William T. Gerard,* for appellant.

*Galis, Timmons, Andrews & Head, John W. Timmons, Jr.,* for appellee.