**In re the MARRIAGE of Doreen CLARK, Appellee,**

**and**

**William N. Clark, Appellant.**

**No. 80CA0107.**

Colorado Court of Appeals, Div. I.

Sept. 4, 1980.

Ovid R. Beldock, Denver, for appellee.

A. Daniel Rooney, Aurora, for appellant.

COYTE, Judge.

William N. Clark appeals the trial court judgment enforcing a Washington divorce decree and entering judgment for child support arrearages. We affirm, but remand for additional findings.

On October 14, 1971, wife obtained, by default, a decree of divorce from husband which was entered by a trial court in the State of Washington. At the time of the decree wife was a resident of Washington and husband had been personally served with process within that state. The divorce decree included provisions for property settlement and for child support payments by husband.

On June 20, 1979, wife filed an action in Colorado for enforcement of the Washington decree pursuant to § 14–11–101, C.R. S.1973 (1979 Cum.Supp.) and for entry of judgment for child support arrearages. Husband answered these motions by contending that § 14–11–101, C.R.S.1973 (1979 Cum.Supp.) is inapplicable because the State of Washington does not have the reciprocal provision necessary to invoke § 14–11–101, C.R.S.1973 (1979 Cum.Supp.), and that, in any event, the Colorado court should set aside the foreign decree because husband had been denied due process by virtue of the court in Washington entering the divorce decree without his having received notice of it.

After hearing, the Colorado trial court found that the State of Washington does have the appropriate reciprocal statutory provisions. However, the trial court refus-

ed to hear evidence as to husband's lack of notice of the proceedings. Whereupon, husband made an offer of proof that, although he had been personally served with process when the proceeding was first initiated, he had thought that the parties had reconciled their differences and had therefore neither sought legal counsel nor answered the complaint. The trial court granted petitioner's request to enforce the decree and entered judgment on the arrearages.

■ Section 14–11–101, C.R.S.1973 (1979 Cum.Supp.) provides that Colorado courts have jurisdiction to enforce decrees rendered in sister states upon obtaining jurisdiction over the parties and:

"[u]pon the docketing in a court of competent jurisdiction in this state of exemplified copies of all the written pleadings and court orders, judgments, and decrees in the case of divorce . . . or for support of minor children . . . entered in any court of competent jurisdiction in any other state or jurisdiction having reciprocal provisions for a like enforcement of orders, judgments, or decrees entered in the State of Colorado . . . ."

Although the State of Washington lacks a provision identical to § 14–11–101, C.R.S. 1973 (1979 Cum.Supp.), it has adopted the Uniform Enforcement of Foreign Judgments Act, see Wash.Rev.Code § 6.36.010 et seq. Pursuant to that statute, Washington has enforced a decree of a sister state and has modified that decree to the extent that the sister state could modify it. See Garvin v. Stegmann, 74 Wash.2d 177, 443 P.2d 821 (1968).

Recently, the Colorado Supreme Court has recognized that § 14–11–101, C.R.S.1973 (1979 Cum.Supp.) is one of several remedies available to a custodial parent seeking support from a non–custodial parent. See Glickman v. Mesigh, Colo., 615 P.2d 23 (1980). The other remedies mentioned include proceedings under the Uniform Enforcement of Foreign Judgments Act. Thus, we conclude that, for the purpose of this proceeding, the State of Washington has enacted a "reciprocal provision for a like enforcement of orders, judgments or decrees entered in the state of Colorado." And, the jurisdiction of the State of Washington to render the decree is not at issue here. See People ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); Grubner v. Wallner, Colo., 598 P.2d 135 (1979). Therefore, the trial court had jurisdiction to enforce the Washington divorce decree.

■ We also reject husband's next contention that the Colorado court erred by not setting aside the divorce decree pertaining to property division and child support obligations on the ground that husband was denied due process of law.

On May 21, 1971, husband was served with copies of the complaint for divorce, a request for an immediate restraining order, and an order to show cause which included a June 1, 1971, hearing date. Husband failed to appear at that hearing and to answer the complaint. On June 28, 1971, the court entered husband's default, and on October 14, 1971, the court entered the decree of divorce containing the property division and the child support obligations. Although husband was given a copy of this decree within the week following the court order, husband did not challenge the validity of the decree prior to this action.

Under Washington law, a party who has not appeared in an action before a motion for default and supporting affidavits are filed is not entitled to notice of the pendency of the motion. In addition, when a defendant has not appeared, service of notice or papers "in the ordinary proceedings in an action need not be made upon him." See Wash.Rev.Code § 4.56.160; Wash.Super.Ct. Civ. Rule 55; Pedersen v. Klinkert, 56 Wash.2d 313, 352 P.2d 1025 (1960). Husband has cited no authority to substantiate his claim of a denial of due process. Therefore, we conclude that the trial court properly refused to set aside the decree of divorce entered by the Washington court.

Husband requested that the court declare that his obligation to pay child support for two of his children had ceased because of

their emancipation as provided in the divorce decree, and he sought a reduction in the amount of child support owing for his two youngest children to conform with the order of the Colorado court in a related action. The trial court erred in failing to make findings and enter orders on these issues.

The judgment is affirmed, and the cause is remanded to the trial court with directions to make findings and enter orders on the remaining issues presented by husband.

VAN CISE and KIRSHBAUM, JJ., concur.