## S93A1333. PEARSON v. PEARSON.
(435 SE2d 40)

CARLEY, Justice.

Although appellant-plaintiff and appellee-defendant were divorced in Texas, they both now live in Georgia. Appellant filed a petition in the Superior Court of Cobb County seeking to modify appellee's child support obligation. Appellee answered and also filed a motion to enforce an alleged settlement agreement as to his child support obligation. Appellant then amended her petition so as also to seek domestication of the Texas divorce decree. However, the trial court never entered an order domesticating that Texas judgment. Instead, the trial court granted appellee's motion to enforce the alleged settlement agreement and then ordered that "the amount of child support to be paid by [appellee] to [appellant] pursuant to and in accordance with the parties' Final Judgment and Decree of Divorce is modified and increased to the amount" specified in the alleged settlement agreement. This court granted appellant's application for a discretionary appeal from that order to consider the applicability of OCGA § 19-6-15 to private agreements regarding child support. However, we cannot reach that issue.

The trial court's order purports to modify the final divorce decree dissolving the marriage between the parties. On the record, however, that final divorce decree remains a Texas judgment, since there was

no prior order domesticating that judgment in this state. The courts of this state have no authority to *modify* a foreign judgment awarding permanent child support. *McGuire v. McGuire*, 228 Ga. 782 (187 SE2d 859) (1972); *Bisno v. Biloon*, 161 Ga. App. 351, 355 (291 SE2d 66) (1982), overruled on other grounds, *State of Ga. v. McKenna*, 253 Ga. 6 (315 SE2d 885) (1984). Georgia permits modification of a foreign divorce decree only *after* domestication of that judgment. *Blue v. Blue*, 243 Ga. 22 (252 SE2d 452) (1979). Compare *Roehl v. O'Keefe*, 243 Ga. 696 (1) (256 SE2d 375) (1979) (*enforcement* of foreign custody decrees under the Uniform Child Custody Jurisdiction Act requires only filing of a certified copy of the foreign decree); OCGA § 9-12-132 (*enforcement* of foreign judgment under the Uniform Enforcement of Foreign Judgments Act requires only filing of an authenticated copy of the foreign judgment).

Although appellant's original petition erroneously sought only modification of appellee's child support obligation, she subsequently corrected that error by amending her petition so as also to seek domestication of the Texas divorce decree. See *Sovern v. Sovern*, 156 Ga. App. 752, 753 (3) (275 SE2d 791) (1980). Neither appellant nor appellee objected to the trial court's entry of a modification order before its ruling on appellant's request for domestication and neither has raised that issue on appeal. However, an order of domestication was a necessary prerequisite to the trial court's authority to modify. *Blue v. Blue*, supra. Accordingly, the trial court's modification order must be vacated and the case remanded for consideration of the amendment to appellant's petition wherein she sought domestication. After entry of a new order, the parties will be free to apply for a discretionary appeal therefrom.

*Judgment vacated and case remanded. All the Justices concur.*

Decided October 4, 1993.

J. Stephen Schuster, for appellant.
Eugene P. Chambers III, Ellis, Funk, Goldberg, Labovitz, & Campbell, Stephen M. Worrall, for appellee.