### A96A0074. GALVEZ v. GALVEZ.
(472 SE2d 492)

BLACKBURN, Judge.

We granted Angela Galvez's petition for interlocutory review of the trial court's order denying her motion to dismiss Paul Lewis Galvez's complaint for domestication of divorce decree and for change of custody.

The parties were divorced in Florida in June 1993. Angela was awarded primary physical custody of the parties' two minor children. Since the divorce, Angela and the children resided in Kentucky until June 1995 when they moved to North Carolina.[1] In July 1995, the father filed his complaint in Glynn County, Georgia, the county of his residence, asserting that the children were in his custody for their summer visitation.[2] The complaint further alleged that the minor daughter had been molested by the mother's live-in boyfriend, and that it was in the best interests of the minor children that the Glynn County court assume jurisdiction in order to protect them from the mistreatment and neglect they suffer when in the care of their mother. The complaint, therefore, alleges that jurisdiction is based on the emergency jurisdiction provision outlined in OCGA § 19-9-43 (a) (3) (B). See *Youmans v. Youmans*, 247 Ga. 529, 532 (276 SE2d 837) (1981).

The children's mother filed a motion to dismiss for lack of jurisdiction which alleged that she presently lives in North Carolina with her parents and has not been living with the boyfriend whom the children's father accused of abusing the children. At the hearing on the motion to dismiss, the trial court allowed both sides to present oral argument. The mother's counsel asserted that acts of molestation had occurred — not by the boyfriend as alleged in the petition, but by the boyfriend's 17-year-old son, who was prosecuted for the molestation, found guilty, and incarcerated. Furthermore, the mother moved away from the boyfriend and has put the children in counseling. Despite the mother's attorney's indication that out-of-state witnesses were present and ready to offer evidence as to these factual allegations, the trial court denied the motion to dismiss with-

---

[1] Although the complaint fails to set out the places where the children have lived within the last five years as required by OCGA § 19-9-49 (a) (2), the mother's verified motion to dismiss sets forth the states in which the children have resided.

[2] At the same time the complaint was filed, the father obtained an ex parte restraining order against the mother which provided the father with temporary custody of the children.

out hearing any evidence. The trial court reasoned that "in order . . . to do any of these things that you have mentioned, that is to establish the whereabouts of this alleged live-in boyfriend and these other matters about the question of any possible child molestation, I have to get into the merits of [the] complaint. So, I'm going to overrule and deny your Motion To Dismiss."

In *Osgood v. Dent*, 167 Ga. App. 406, 408 (306 SE2d 698) (1983), we determined that "[b]ecause appellee alleged that the child was in need of emergency protection, the trial court was authorized under OCGA § 19-9-43 (a) (3) (B) . . . to take temporary jurisdiction and even to make an award of temporary custody. Under the statutory provisions cited, supra, however, *the court was under a duty before proceeding further, and a fortiori before retaining jurisdiction to undertake to modify the out-of-state decree, to ascertain whether the allegations contained in appellee's petition regarding appellant's legal status . . . were valid*, and whether the petitioner had complied with the statutory requirements and was entitled to bring further proceedings in the Georgia courts." (Emphasis supplied.) In the present case, the trial court did not comply with this duty as no evidence is contained in the record before us. This error was clearly harmful because the facts argued by the mother's counsel, if established, leave the court without jurisdiction as it would appear that no emergency situation currently exists.

Therefore, as the trial court failed to ascertain by evidence presented the validity of the jurisdictional grounds asserted in the complaint, this case is remanded. Upon remand the trial court is directed to hold an evidentiary hearing on the mother's motion to dismiss. Pursuant to OCGA § 19-9-64, such hearing shall be given calendar priority and handled expeditiously. This ruling protects the best interests of the children and is consistent with the purposes of the Uniform Child Custody Jurisdiction Act.[3]

We further note that the trial court is also required to domesticate the foreign divorce decree before it will have the authority to modify visitation or child support. See *Blue v. Blue*, 243 Ga. 22 (252 SE2d 452) (1979) and *Pearson v. Pearson*, 263 Ga. 400, 401 (435 SE2d 40) (1993); however, this was not the issue presented by this appeal.

---

[3] OCGA § 19-9-41 establishes the purposes of the legislature's passage of the Uniform Child Custody Jurisdiction Act (UCCJA), which include assuring "that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available and also to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state." OCGA § 19-9-41 (a) (3). An additional purpose of the UCCJA is to "[d]eter abductions and other unilateral removals of children undertaken to obtain custody awards." OCGA § 19-9-41 (a) (5).

*Judgment reversed and case remanded with direction. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I agree that the judgment must be reversed and the case remanded for further action in the trial court, but the primary reason is the fact that the court was attempting to change a foreign decree and it did not have jurisdiction to do so. Whether the issue was raised on appeal or not, it must be addressed if the record shows that jurisdiction was not established. That is the case here. The record affirmatively shows that the trial court had not acquired jurisdiction to modify the decree, even to apply the emergency measures of OCGA § 19-9-43 (a) (3) (B). See OCGA § 15-1-2. *Sweatman v. Roberts*, 213 Ga. 112, 113 (97 SE2d 320) (1957). Petitioner father is seeking a change of custody, but he is also properly praying for domestication of the Florida divorce decree. It contains the original order awarding custody.

Respondent mother moved for dismissal of the entire action, which the court denied based on its finding that the father had established the court's jurisdiction of the parties and of the subject matter "according to OCGA § 19-9-43 (a) (3) (B)." The court was without authority to make a ruling of this nature, however, because the foreign judgment had not yet been domesticated. As held in *Blue v. Blue*, 243 Ga. 22 (252 SE2d 452) (1979), and as stated in *Pearson v. Pearson*, 263 Ga. 400, 401 (435 SE2d 40) (1993), a case in which the rule of *Blue* was applied, "Georgia permits modification of a foreign divorce decree only *after* domestication of that judgment." (Emphasis in original.)

Before the cited Code section can be activated in this case, the trial court must consider and rule on the domestication issue. *Pearson*, supra. Thereafter, if the foreign judgment is domesticated, the court may treat it as a local decree and modify it according to the laws of Georgia. *Blue*, supra at 23.

DECIDED JUNE 5, 1996.

*Kathryn A. Hall, James K. Murphy, Vicky O. Kimbrell, Lisa J. Krisher, Phyllis J. Holmen*, for appellant.

*R. Dean Weiss*, for appellee.