A98A0616. KEMPTON v. RICHARDS.
(503 SE2d 876)

RUFFIN, Judge.

Thomas Joseph Kempton, the father of a six-year-old girl, filed a petition in Houston County, Georgia to modify a child custody provision of a divorce decree originally entered by the Circuit Court of Leon County, Florida. Kempton filed the petition against the child's mother, Frances Janelle Richards f/k/a Frances Janelle Kempton ("Richards"). The trial court found a substantial change in circumstances warranting modification of the previous child custody and visitation orders entered in the Circuit Court of the Second Judicial Circuit in Leon County, Florida. The trial court granted both parties joint legal custody of the child, awarded Richards primary physical custody and Kempton reasonable visitation rights. The trial court denied Kempton's motion for reconsideration and to set aside the judgment. We granted Kempton's application for discretionary appeal. For the following reasons, we conclude that the trial court lacked subject matter jurisdiction and thus was not authorized to modify the decree. Accordingly, we vacate the trial court's judgment.

Our review of the record shows that Kempton filed the complaint for modification of the child custody decree and attached a copy of the Florida decree as an evidentiary exhibit to his complaint. However, there is no evidence of record that Kempton petitioned the trial court for domestication of the decree. Likewise, there is no evidence of record that Kempton *filed* a certified and exemplified copy of the Florida decree with the Clerk of the Superior Court of Houston County.

Kempton argues that the Georgia court acted without authority to modify the Florida decree because the order was not domesticated. Richards maintains that Kempton was estopped from asserting that the Georgia court lacked jurisdiction because he failed to request domestication, and thus aided in causing the error of which he now complains. However, Richards' argument is meritless since "it is rudimentary law that parties can not, by consent express or implied, give jurisdiction to a court; that as to the subject-matter the court is limited by the powers conferred upon it by law, and can not be given additional power or jurisdiction by consent of the parties or by waiver. An inability to confer jurisdiction over subject-matter upon a court, by consent or waiver, has been generally recognized and applied. Subject-matter jurisdiction is established by our laws, and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law." (Citations, punctuation and emphasis omitted.) *Mitchell v. Mitchell*, 220 Ga. App. 682, 683 (2) (469 SE2d 540) (1996).

Generally, subject-matter jurisdiction cannot be conferred unless the foreign judgment has been domesticated. *Pearson v. Pearson*, 263 Ga. 400, 401 (435 SE2d 40) (1993); *Blue v. Blue*, 243 Ga. 22 (252 SE2d 452) (1979). Pursuant to OCGA § 19-9-55 (a), the Supreme Court of Georgia held that a child custody decree was "domesticated" by filing a certified copy of the foreign decree with a clerk of the Georgia court, even though the trial court had not entered an order domesticating the foreign judgment. *Roehl v. O'Keefe*, 243 Ga. 696 (1) (256 SE2d 375) (1979). See also *McGowen v. McGowen*, 231 Ga. App. 362 (498 SE2d 574) (1998) (physical precedent only). OCGA § 19-9-55 (a) further provides that a foreign order has the same effect as a custody decree rendered in Georgia where "[a] certified and exemplified copy of a custody decree of another state" is *filed* in the office of the clerk of any court of Georgia. (Emphasis supplied.) OCGA § 19-9-55 (a). Thus, a properly filed "certified and exemplified copy" results in the foreign judgment being treated as a Georgia judgment pursuant to OCGA § 19-9-55.

In this instance, the Florida decree was not domesticated because there was no court order domesticating the judgment nor was there a certified and exemplified copy of the Florida decree properly filed in Georgia. Thus, under *Roehl* and OCGA § 19-9-55 (a), the trial court did not have authority to either modify or enforce the Florida decree absent its domestication. Accordingly, we must vacate the trial court's judgment because " 'a judgment rendered by a court without jurisdiction of the subject matter is absolutely void.' " *Crotty v. Crotty*, 219 Ga. App. 408 (465 SE2d 517) (1995).

*Judgment vacated. Pope, P. J., and Beasley, J., concur.*

DECIDED JULY 2, 1998.

*Elliott & Haskell, George O. Haskell III*, for appellant.
*Westmoreland, Patterson & Moseley, Roxanne M. Hinson*, for appellee.