### A99A0466. WYLIE v. BLATCHLEY.
(515 SE2d 855)

BLACKBURN, Presiding Judge.

Jennifer Ruth Wylie appeals the trial court's modification of her Iowa divorce decree pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), contending that the trial court erred in granting custody of her two daughters to her ex-husband, Robert Paul Blatchley. Specifically, Wylie argues: (1) that the trial court lacked subject matter jurisdiction because the Iowa divorce decree was never properly domesticated; (2) that the trial court lacked subject matter jurisdiction under OCGA § 19-9-43 of the UCCJA; and (3) that the evidence was insufficient to support the modification. The trial court lacked subject matter jurisdiction because the Iowa divorce decree was not properly domesticated; therefore, we vacate the judgment.

1.

Generally, subject-matter jurisdiction [for purposes of modifying a foreign custody decree] cannot be conferred unless the foreign judgment has been domesticated. *Pearson v. Pearson*, 263 Ga. 400, 401 (435 SE2d 40) (1993); *Blue v. Blue*, 243 Ga. 22 (252 SE2d 452) (1979). Pursuant to OCGA § 19-9-55 (a), the Supreme Court of Georgia held that a child custody decree was "domesticated" by filing a certified copy of the foreign decree with a clerk of the Georgia court, even though the trial court had not entered an order domesticating the foreign judgment. *Roehl v. O'Keefe*, 243 Ga. 696 (1) (256 SE2d 375) (1979). See also *McGowen v. McGowen*, 231 Ga. App. 362 (498 SE2d 574) (1998) (physical precedent only). OCGA § 19-9-55 (a) further provides that a foreign order has the same effect as a custody decree rendered in Georgia where "(a) certified and exemplified copy of a custody decree of another state" is *filed* in the office of the clerk of any court of Georgia. [Cit.] Thus, a properly filed "certified

and exemplified copy" results in the foreign judgment being treated as a Georgia judgment pursuant to OCGA § 19-9-55.

(Emphasis in original.) *Kempton v. Richards*, 233 Ga. App. 238, 239 (503 SE2d 876) (1998).

A review of the record shows that Blatchley filed a petition for modification of the Iowa divorce and child custody decree and attached a certified and exemplified copy of such decree as an evidentiary exhibit thereto. There is no evidence in the record that Blatchley petitioned the trial court for domestication of the decree, nor is there evidence that Blatchley *properly* filed a certified and exemplified copy of the decree for the purposes of its domestication. As such, Blatchley failed to satisfy the distinct requirements of domesticating the Iowa divorce and custody decree prior to the trial court's modification of custody rights, and without a prior domestication, the subsequent modification of custody cannot stand. Therefore, the trial court's order modifying custody must be vacated because " '[a] judgment rendered by a court without jurisdiction of the subject matter is absolutely void.' " *Crotty v. Crotty*, 219 Ga. App. 408 (465 SE2d 517) (1995).

Although Blatchley argues otherwise, his act of simply appending the divorce and custody decree as an exhibit to his petition for modification of custody does not constitute a proper filing of the decree for the purpose of its domestication. OCGA § 19-9-55. While a domestication proceeding and a custody determination may be decided in a single hearing, the two procedures are nonetheless separate and distinct. Thus, in order for domestication to be proper, a foreign decree must be filed with a clerk with the understanding that domestication is being sought. In other words, there must be some indication that the foreign decree was filed with the clerk for the purpose of its domestication, not merely that it was filed with the clerk as an exhibit to a separate action.

2. The record shows that Wylie, who was living in Iowa at the time, entered into a written agreement with Blatchley in which she consented to allow the children to live with their father in Georgia for approximately nine months. During this visitation period, Wylie remarried and moved to Florida. Approximately two months before the termination of the visitation period, Wylie removed the children from their father's home and took them to Florida with her, precipitating the change of custody action at the heart of this case. Jurisdiction in child custody actions under the UCCJA, OCGA § 19-9-43, is generally in the state in which the custodial parent resides.

Neither the parties nor the children reside in Iowa, the state in which the final decree was granted. While the mother resides in Florida, Florida has already declined jurisdiction of the case in favor of

Georgia. Moreover, the children have never resided in Florida and have no significant ties to that state.

The children and Blatchley do have a significant connection with Georgia. Prior to their removal to Florida by their mother, the children had been living in Georgia for approximately seven months, they had matriculated in Georgia schools, and they appeared to be thriving under their father's care. As such, the Georgia court could assume jurisdiction over this case pursuant to OCGA § 19-9-43 (a) (2) because substantial evidence is available in Georgia bearing on the children's past and future activities, relationships, and care. In addition, it also appears that the Georgia court could assume jurisdiction over this case pursuant to OCGA § 19-9-43 (a) (4), as no other state has jurisdiction.

*Judgment vacated and case remanded. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 8, 1999.

*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr., Kenneth P. Johnson,* for appellant.

*Howard & Whatley, Susan B. Paul, Warren E. Ratchford,* for appellee.