**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLANT JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 22, 2021**

# In the Court of Appeals of Georgia

A20A1668, A20A2015. KERR v. WILSON (two cases).

PHIPPS, Senior Appellate Judge.

In these two domestic relations cases, Jonathan Kerr, appearing pro se, appeals from separate orders entered by the superior court involving a Tennessee divorce decree.[1] For the following reasons, we vacate the order confirming the Tennessee divorce decree in Case no. A20A2015. In Case No. A20A1668, we affirm the superior court's finding that Kerr was in contempt for failing to pay child support as detailed in the Tennessee divorce decree, but vacate the award of attorney fees.

*Case No. A20A2015*

---

[1] After the entry of each order, Kerr filed an application for discretionary review, which this Court granted.

In this case, Kerr appeals from an order confirming his divorce decree, which was entered by a Tennessee court. Kerr argues that the superior court erred by (1) confirming the Tennessee divorce decree based on his failure to request a hearing pursuant to OCGA § 19-9-85 (d) and (2) failing to afford full faith and credit to the terms of the confirmed Tennessee divorce decree. We agree that the superior court erred by confirming the decree based on Kerr's failure to request a hearing.

A review of the record shows that Stacey Wilson and Jonathan Kerr were divorced in 2009, and their divorce decree was entered by a Tennessee court. Under the terms of the divorce decree, Wilson was awarded primary custody of the couples' daughter, and Kerr was ordered to pay $500 per month in child support. In August 2019, Wilson filed a petition for registration/domestication of their order of divorce in the Superior Court of Glynn County, Georgia. According to the entry of service, Kerr received personal service of the petition and summons on September 9, 2019.

Kerr filed a pro se response to the petition on September 24, 2019. Despite challenging the domestication petition in his response, Kerr did not request a hearing on the matter; he only requested that the superior court dismiss the petition. On October 3, 2019, the superior court scheduled a hearing on the petition, which was held on December 3, 2019.

Approximately four months later, on April 7, 2020, the superior court entered an order granting the petition to register/domesticate the divorce decree. The order stated that: (1) the superior court reviewed the petition pursuant to OCGA § 19-9-85; (2) Kerr was properly served with notice of the petition on September 9 and failed to request a hearing within 20 days of service; and (3) registration of the decree is confirmed.

1. In related enumerations, Kerr argues that the superior court erred in confirming the decree on the basis that he failed to request a hearing. We agree.

In its order, the superior court specifically cited to OCGA § 19-9-85 and confirmed the Tennessee divorce decree because Kerr did not request a hearing within 20 days of receipt of service. However, under OCGA § 19-9-85 (d), a "person seeking to contest the validity of a *registered order* must request a hearing within 20 days after service of the notice." (emphasis supplied). "If a timely request for a hearing to contest the validity of the registration is not made, the registration is confirmed as a matter of law[.]" OCGA § 19-9-85 (e).

In this case, the Tennessee divorce decree, as explained below, was not registered pursuant to OCGA § 19-9-85 (a). Kerr, therefore, was not required to

request a hearing within 20 days of receipt of service in order to challenge Wilson's petition.

In order to validly register a child custody order, a litigant must file:

(1) A letter or other document requesting registration;
(2) Two copies, including one certified copy, of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified; and
(3) Except as otherwise provided in Code Section 19-9-69, the name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered.

OCGA § 19-9-85 (a).

Here, the record shows that Wilson's petition did not contain two copies of the divorce decree, but only a certified copy. Under the plain language of OCGA § 19-9-85 (a) (2), it was therefore not a registered order. See *McGowan v. McGowan*, 231 Ga. App. 362, 364-365 (498 SE2d 574) (1998) (foreign decree not domesticated upon its filing where the appellant did not file two copies of the judgment according to statutory procedure in effect at the time, but rather petitioned the superior court to issue an order domesticating the judgment); *Pearson v. Pearson*, 263 Ga. 400, 400

(435 SE2d 40) (1993). Because the order here was not registered under OCGA § 19-9-85 (a), the superior court erred by automatically confirming the registration of the decree pursuant to OCGA § 19-9-85 (e) based on Kerr's failure to request a hearing; instead, the superior court should have treated the filing merely as a petition to domesticate the Tennessee decree. *Pearson*, 263 Ga. at 400. We therefore vacate the superior court's order and remand for factual findings on the merits as to whether the Tennessee divorce decree should be domesticated.

2. Kerr's last enumeration advances an argument on the merits of the confirmation of the decree. Based on our holding in Division 1, we need not address that argument now.

*Case No. A20A1668*

In this case, Kerr appeals from a superior court order finding him in contempt for falling behind on child support payments in accordance with the Tennessee divorce decree. The record shows that when Wilson filed her petition for registration/domestication of the Tennessee divorce decree, she also filed a motion for contempt, claiming that Kerr was behind on his child support payments. The motion included a request for attorney fees, but did not cite any statutory basis for such fees.

5

Following a hearing, the superior court entered an order finding that Kerr was in contempt of his child support obligation. The order directed Kerr to add $100 per month to his regular payments until he cured the arrearage. The order also awarded Wilson $1,500 in attorney fees and court costs. The order did not indicate the statutory basis of the fee award, analyze the relative financial circumstances of the parties, or specify any conduct by Kerr on which the award might have been based.

Although Kerr's pro se brief is unclear, it appears that his primary argument is that the superior court's contempt finding is erroneous because he has already paid Wilson his full child support obligation. Kerr contends that the superior court erred by failing to credit him for those three years of gratuitous payments, which occurred prior to the sale of the house. Kerr also argues that the superior court erred by entering an order finding him in contempt prior to domesticating the Tennessee divorce decree, and by awarding attorney fees. For the following reasons, we affirm in part, and vacate in part.

3. Kerr argues that the superior court erred by finding him in contempt because he satisfied his support obligations under the terms of the Tennessee decree.

The divorce decree provided that child support payments would begin once the parties' marital residence was sold – an event that, according to Kerr, did not occur

6

until three years after the divorce. Kerr claims that despite this provision of the divorce decree, he began making child support payments right away, at Wilson's request. Despite Kerr's arguments, we are constrained to affirm because he did not include a transcript of the hearing in the record on appeal.

> Because this appeal draws into question the transcript of the proceedings, it was [Kerr's] duty to have the transcript prepared so that it could be included in the record. See OCGA § 5-6-41 (c). Because [Kerr] failed to attach the transcript of the hearing, it is not possible for this Court to determine whether this issue was properly preserved. In the absence of a transcript of a hearing, we must presume that the evidence supports the trial court's findings.

*Gallemore v. White*, 303 Ga. 209, 210 (1) (811 SE2d 315) (2018) (citations and punctuation omitted). See also *Jones v. Foster*, 287 Ga. 144, 144 (695 SE2d 21) (2010) ("A trial court's ruling on a motion for contempt will be affirmed on appeal if there is any evidence in the record to support it. Moreover, in the absence of a transcript of the hearing on such motion, we must presume that the evidence supports the trial court's findings") (citations omitted). By failing to include a transcript, Kerr has not demonstrated error in the record before this Court. The trial court's finding of contempt is therefore affirmed.

7

4. Kerr next argues that the superior court erred by entering the order finding him in contempt prior to domesticating the Tennessee divorce decree. We disagree.

28 USC § 1738B (a) (1) "requires that full faith and credit be given to child support orders of foreign states, reciting that each State 'shall enforce according to its terms a child support order made consistently with this section by a court of another State.'" *Dept. of Human Resources v. Fenner*, 235 Ga. App. 233, 233 (1) (510 SE2d 534) (1998).

> A child support order is made 'consistently with this section' if made in a court with proper subject matter and personal jurisdiction, and if proper notice and opportunity to be heard are given to the parties. . . . [N]one of these criteria has been challenged by [Kerr]. For the purpose of this opinion, we therefore assume that the order was made 'consistently' with 28 USC § 1738B.

Id. at 233-234 (1) (citation omitted). See also *Ross v. Ross*, 302 Ga. 39, 43 (1) n. 11 (805 SE2d 7) (2017). Because Kerr has not challenged the Tennessee court's jurisdiction to enter the order, or his notice and opportunity to be heard, we conclude

that the superior court properly exercised its authority to enforce the Tennessee child support order.[2]

5. Although not specifically enumerated as error, Kerr alleges that the superior court erred by awarding attorney fees to Wilson. Kerr is correct in that the superior court's order did not specify a statutory basis for the fees and contained no factual findings necessary to support the award. "Accordingly, the award of attorney fees must be vacated and the case remanded to the trial court so that the necessary findings may be made." *Gallemore*, 303 Ga. at 211 (2).

*Judgment in case no. A20A1668 is affirmed in part and vacated in part and case remanded with direction. Judgment in case no. A20A2015 is vacated and case remanded with direction. Miller, P. J., and Mercier, J., concur.*

---

[2] Registering or domesticating a foreign divorce decree is a prerequisite to allow a Georgia court to modify that judgment. The decree may be *enforced*, however, upon the filing of a certified copy. See *Pearson*, 263 Ga. at 401 ("Georgia permits modification of a foreign divorce decree only *after* domestication of that judgment. . . . Compare *Roehl v. O'Keefe*, 243 Ga. 696 (1) (256 SE2d 375) (1979) (*enforcement* of foreign custody decrees . . . requires only filing of a certified copy of the foreign decree)"). The superior court here did not modify the child support order, but merely enforced it by finding Kerr in contempt and ordering him to pay arrearages. See *Deese v. Deese*, 230 Ga. 105, 106-107 (196 SE2d 16) (1973).